IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHAWNAY RAY AND
KANTICE JOYNER, *on their own behalf and on behalf of all others similarly situated,*

　　　　　　Plaintiffs,

　　v.

T-MOBILE US, INC.

　　　　　　Defendant.

Case No. 1:19-cv-01299-JKB

Judge:  James K. Bredar

## **DECLARATION OF CHRISTOPHER MUZIO**

I, Christopher Muzio, declare and state as follows:

1.　　I am over the age of 18, and am competent to make this declaration.

2.　　I am employed as a custodian of records for T-Mobile USA, Inc. ("T-Mobile"), working in the Executive Response Support Team: Small Claims, Arbitration, and Records, a Division of the Office of the President. My title is analyst. The facts set forth herein are based on my personal knowledge, my familiarity with T-Mobile policies and practices, and my review of business records of T-Mobile, which records were made by, or from information transmitted by, a person with knowledge of the event described therein, at or near the time of the event described, and are kept in the ordinary course of the regularly conducted business activity of such person and T-Mobile, and it is the regular practice of that business activity to make such records. I have personal knowledge of the facts stated herein and, if called as a witness to testify regarding these facts, I could and would do so competently.

3.　　T-Mobile provides wireless communication services throughout the United States.

4. T-Mobile is incorporated in Delaware and has its principal place of business in Washington.

**A.     *Plaintiff Shawnay Ray's Activation of T-Mobile Services in November 2018 and Acceptance of August 2018 Terms and Conditions and Arbitration Agreement.***

5. T-Mobile's records reflect Ms. Ray first activated service with T-Mobile on November 14, 2018. At this time, she activated two lines: mobile number ending in 1488 (the "1488 line") and mobile number ending in 1544 (the "1544 line"). In connection with activating the 1488 and 1544 lines, a T-Mobile account was opened for Ms. Ray ending in the numbers 1522 (the "1522 Account").

6. It is T-Mobile's regular practice and procedure to require customers to agree to T-Mobile's Terms and Conditions when they activate a line of service.

7. T-Mobile's August 22, 2018 Terms and Conditions were in effect when Ms. Ray opened the 1522 Account and activated service on November 14, 2018. A true and correct copy of the August 22, 2018 Terms and Conditions is attached hereto as Exhibit A.

8. The Terms and Conditions are also publicly available on the T-Mobile website: https://www.t-mobile.com/responsibility/legal/terms-and-conditions-aug-22-2018.

9. The August 22, 2018 Terms and Conditions provides the following regarding a customer's acceptance of the agreement with T-Mobile:

> Thanks for choosing T-Mobile. Please read these Terms & Conditions ("T&Cs"), which contain important information about your relationship with T-Mobile, including mandatory arbitration of disputes between us, instead of class actions or jury trials. You will become bound by these provisions once you accept these T&Cs. . . .
>
> You accept these T&Cs by doing any of the following things:
> - giving us a written or electronic signature or confirmation, or telling us orally that you accept;
> - activating, using or paying for the Service or a Device; or
> - opening the Device box.

>If you don't want to accept these T&Cs, don't do any of these things.
>
>When you accept, you're telling us that you are of legal age (which means you are either legally emancipated, or have reached the age of majority as defined in your jurisdiction) and that you are able to enter into a contract. If you accept for an organization, you're telling us that you are authorized to bind that organization, and references to "you" in these T&Cs may mean the organization.

Exhibit A at 1.

10. T-Mobile's records show Ms. Ray accepted T-Mobile's Terms and Conditions when she opened the 1522 Account and activated two devices on the 1488 and 1544 lines on November 14, 2018, used the devices, used T-Mobile service, and paid for service.

11. The August 22, 2018 Terms and Conditions includes a Dispute Resolution section that includes T-Mobile's arbitration provision and class action waiver, which provide in relevant part:

>**Dispute Resolution and Arbitration. YOU AND WE EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THE AGREEMENT, OUR PRIVACY POLICY, OUR SERVICES, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION OR IN SMALL CLAIMS COURT.** This includes any claims against other parties relating to Services or Devices provided or billed to you (such as our suppliers, dealers, authorized retailers, or third party vendors) whenever you also assert claims against us in the same proceeding. You and we each also agree that the Agreement affects interstate commerce so that the Federal Arbitration Act and federal arbitration law, not state law, apply and govern the enforceability of this dispute resolution provision (despite the general choice of law provision set forth below). THERE IS NO JUDGE OR JURY IN ARBITRATION, AND COURT REVIEW OF AN ARBITRATION AWARD IS LIMITED. THE ARBITRATOR MUST FOLLOW THIS AGREEMENT AND CAN AWARD THE SAME DAMAGES AND RELIEF AS A COURT (INCLUDING ATTORNEYS' FEES). . . .
>
>**<u>CLASS ACTION WAIVER</u>. YOU AND WE EACH AGREE THAT ANY PROCEEDINGS, WHETHER IN ARBITRATION OR COURT, WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT AS A CLASS, REPRESENTATIVE, OR CONSOLIDATED ACTION.** If a court or arbitrator determines in an action between you and us that any part of this Class Action Waiver is unenforceable with respect to any claim, the arbitration agreement and Class Action Waiver will not apply to that claim, but they will still apply to any and all other claims that you or we may assert in that or any

other action. **If you opt out of the arbitration provision as specified above, this Class Action Waiver provision will not apply to you. Neither you, nor any other customer, can be a class representative, class member, or otherwise participate in a class, consolidated, or representative proceeding without having complied with the opt out requirements above.**

Exhibit A at 3 (emphasis in original).

12. The August 22, 2018 Terms and Conditions also includes instructions for opting out of the arbitration procedures and states:

> Notwithstanding the above, **YOU MAY CHOOSE TO PURSUE YOUR CLAIM IN COURT AND NOT BY ARBITRATION IF YOU OPT OUT OF THESE ARBITRATION PROCEDURES <u>WITHIN 30 DAYS</u> FROM THE EARLIER OF THE DATE YOU PURCHASED A DEVICE FROM US OR THE DATE YOU ACTIVATED A NEW LINE OF SERVICE (the "Opt Out Deadline")**. You must opt out by the Opt Out Deadline for each line of Service. You may opt out of these arbitration procedures by calling 1-866-323-4405 or online at www.T-Mobiledisputeresolution.com. **Any opt-out received after the Opt Out Deadline will not be valid and you will be required to pursue your claim in arbitration or small claims court.**

Exhibit A at 3 (emphasis in original).

13. T-Mobile first included a 30-day window to opt out of the arbitration provision and class action waiver in its Terms and Conditions on June 28, 2008, and the provision has been included in the Terms and Conditions since that time. A copy of the June 28, 2008 Terms and Conditions are available here: https://www.t-mobile.com/responsibility/legal/terms-and-conditions-jun-2008.

14. T-Mobile's records reflect that Ms. Ray did not opt out of arbitration with T-Mobile at any time.

15. T-Mobile's records reflect that when Ms. Ray activated her devices on November 14, 2018, she purchased two SIM cards (TRIPLESIM PLUG 64K T-MOBILE UICC 2017). Ms. Ray received a receipt for her purchase. A true and correct copy of Ms. Ray's November 14, 2018

receipt is attached hereto as Exhibit B.[1] This receipt references T-Mobile's Terms and Conditions, the arbitration requirement, and the ability to opt out. It explicitly and conspicuously states:

> If you activate or use T-Mobile service, or purchase a T-Mobile device, you agree to T-Mobile's Terms and Conditions and any terms specific to your rate plan.
>
> If you have a device or accessory under one of our device programs, refer to your agreement for the specific terms and conditions of that program.
>
> **Disputes**. T-Mobile REQUIRES ARBITRATION OF DISPUTES unless for new customers YOU OPT OUT WITHIN 30 DAYS OF ACTIVATION, or for existing customers YOU PREVIOUSLY OPTED OUT PURSUANT TO T-MOBILE'S TERMS AND CONDITIONS. For details see T-Mobile's Terms and Conditions at www.T-Mobile.com/terms-conditions.

Exhibit B (emphasis in original).

        **B.**     ***The March 10, 2019 and April 23, 2019 Payment Receipts.***

16. T-Mobile's records reflect that since opening her account in November 2018 through the filing of this case, Ms. Ray's services have been suspended on three separate occasions: January 14, 2019, March 10, 2019, and April 23, 2019. Ms. Ray made payments on March 10, 2019 (payment #10211401872) and April 23, 2019 (payment #10227205998) in order to restore her service.

17. T-Mobile issued a receipt for the payment on March 10, 2019, which was sent to Ms. Ray. Attached hereto as Exhibit C is a true and correct copy of the March 10, 2019 receipt. T-Mobile issued a receipt for the payment on April 23, 2019, which was sent to Ms. Ray. Attached hereto as Exhibit D is a true and correct copy of the April 23, 2019 receipt.

---

[1] The Exhibits containing Plaintiffs' account information (Exhibits B-I) have been redacted to protect Plaintiffs' privacy.

18. Both the March 10, 2019 and April 23, 2019 receipts sent to Ms. Ray reference T-Mobile's Terms and Conditions, the arbitration requirement, and the ability to opt out. Each receipt explicitly and conspicuously states:

> If you activate or use T-Mobile service, or purchase a T-Mobile device, you agree to T-Mobile's Terms and Conditions and any terms specific to your rate plan.
>
> If you have a device or accessory under one of our device programs, refer to your agreement for the specific terms and conditions of that program.
>
> Disputes. T-Mobile REQUIRES ARBITRATION OF DISPUTES unless for new customers YOU OPT OUT WITHIN 30 DAYS OF ACTIVATION, or for existing customers YOU PREVIOUSLY OPTED OUT PURSUANT TO T-MOBILE'S TERMS AND CONDITIONS.
>
> For details see T-Mobile's Terms and Conditions at www.T-Mobile.com/terms-conditions.

Exhibit C and Exhibit D (emphasis in original).

19. T-Mobile's records reflect that Ms. Ray acknowledged her agreement to T-Mobile's Terms and Conditions, including the Arbitration requirement and Class Action Waiver, on numerous occasions throughout the life of her account.

**C.** ***Plaintiff Kantice Joyner's Activation of T-Mobile Services in February 2019 and Acceptance of August 2018 Terms and Conditions and Arbitration Agreement.***

20. T-Mobile's records reflect Ms. Joyner first activated service with T-Mobile on February 6, 2019. At this time, she activated mobile number ending in 4960 (the "4960 line"). In connection with activating the 4960 line, a T-Mobile account was opened for Ms. Joyner ending in the numbers 0406 (the "0406 Account").

21. T-Mobile's August 22, 2018 Terms and Conditions were in effect when Ms. Joyner opened the 0406 Account and activated service on February 6, 2019. The August 22, 2018 Terms and Conditions are attached as Exhibit A.

22. T-Mobile's records show Ms. Joyner accepted T-Mobile's Terms and Conditions when she opened the 0406 Account and activated the 4960 line on February 6, 2019, used the device, used T-Mobile service, and paid for service.

23. T-Mobile's records reflect that Ms. Joyner did not opt out of arbitration with T-Mobile at any time.

24. When Ms. Joyner opened account 0406 and activated service with T-Mobile, she entered into a Service Agreement with T-Mobile on February 6, 2019. Attached as Exhibit E is a true and correct copy of Ms. Joyner's acceptance of T-Mobile's Service Terms. "By accepting this form, activating or using T-Mobile service, [Ms. Joyner] agree[d] that:"

> Your "Agreement" with T-Mobile includes: (a) this Service Agreement; (b) T-Mobile's "Terms and Conditions"; and (c) any terms specific to your Rate Plan or service. You can obtain copies of T-Mobile's Terms and Conditions and your Rate Plan specific terms at www.T-Mobile.com (www.T-Mobilepr.com for Puerto Rico customers), or by calling Customer Care at (800) 937−8997 or 611 from your T-Mobile phone. You agree you have received and read your Agreement. The English version of this Agreement will control over any other version.
>
> Disputes. **T-Mobile requires ARBITRATION OF DISPUTES UNLESS YOU OPT−OUT WITHIN 30 DAYS OF ACTIVATION**.  For details see www.T-Mobile.com/terms-conditions.

Exhibit E at 2 (emphasis in original, other emphases omitted).

25. Ms. Joyner electronically signed the Service Agreement on February 6, 2019. Exhibit E at 2.  Ms. Joyner activated a device and used T-Mobile service beginning on February 6, 2019.

26. T-Mobile records reflect that Ms. Joyner changed her number from line 4960 to mobile number ending in 6570 (the "6570 line") on February 7, 2019. Ms. Joyner accepted T-Mobile's Terms and Conditions when she used the 6570 line and paid for service.

27. On February 7, 2019, Ms. Joyner also upgraded her device and purchased a 32G LG Stylo device.  Ms. Joyner paid for a majority of the device, but entered into an Equipment

7

Installment Plan ("EIP") with T-Mobile Financial Services for the outstanding balance. This purchase and EIP was added to Ms. Joyner's 0406 account. Attached as Exhibit F is Ms. Joyner's signed EIP dated February 7, 2019.

28. The February 2019 EIP contains the following provision concerning the arbitration requirement under the bolded heading "* **Dispute Resolution and Arbitration**":

> This section describes how any disputes between you and T-Mobile will be resolved. WE AND YOU EACH AGREE THAT, EXCEPT AS PROVIDED BELOW, ANY AND ALL CLAIMS OR DISPUTES IN ANY WAY RELATED TO OR CONCERNING THIS AGREEMENT, OUR PRIVACY POLICY, OUR SERVICES, EQUIPMENT, DEVICES OR PRODUCTS, INCLUDING ANY BILLING DISPUTES, WILL BE RESOLVED BY BINDING ARBITRATION OR IN SMALL CLAIMS COURT. This includes any claims against others relating to services or equipment provided or billed to you (such as our suppliers, dealers or vendors) when you also assert claims against us in the same proceeding. This agreement affects interstate commerce so that the Federal Arbitration Act and federal arbitration law apply (despite the choice of law provision below). THERE IS NO JUDGE OR JURY IN ARBITRATION, AND COURT REVIEW OF AN ARBITRATION AWARD IS LIMITED. THE ARBITRATOR MAY AWARD ON AN INDIVIDUAL BASIS THE SAME DAMAGES AND RELIEF AS A COURT (INCLUDING ATTORNEYS' FEES).

Exhibit F at 3 (emphasis in original).

29. The February 2019 EIP contains the following provision concerning the ability to opt out of the arbitration requirement:

> Notwithstanding the above, YOU MAY CHOOSE TO PURSUE YOUR CLAIM IN COURT INSTEAD OF ARBITRATION IF YOU OPT OUT OF THESE ARBITRATION PROCEDURES. To opt out, call 1-866-323-4405 or complete the opt-out form located at www.T-Mobiledisputeresolution.com. TO BE EFFECTIVE, YOU MUST OPT OUT BY THE OPT OUT DEADLINE FOR EACH LINE OF SERVICE. THE OPT OUT DEADLINE IS <u>30 DAYS</u> FROM THE EARLIER OF THE DATE OF YOUR SIGNATURE TO THIS AGREEMENT, THE DATE YOU PURCHASED EQUIPMENT FROM US OR THE DATE YOU ACTIVATED A NEW LINE EXCEPT THAT FOR A LINE OF SERVICE ACTIVATED PRIOR TO JUNE 28, 2008, <u>THE OPT OUT DEADLINE IS 30 DAYS</u> FROM THE FIRST TIME AFTER DECEMBER 30, 2011 WHEN YOU AGREED TO EXTEND OR RENEW YOUR TERM OF SERVICE FOR THAT LINE.

Exhibit F at 3 (emphasis in original).

30.     T-Mobile's records reflect that Ms. Joyner did not opt out at any time before or after the EIP agreement.

**D.     *The March 7, 2019, March 20, 2019 and April 18, 2019 Payment Receipts.***

31.     T-Mobile's records reflect that since opening her account in February 2019 through the filing of this case, Ms. Joyner's services have been suspended on three separate occasions: March 7, 2019, March 20, 2019, and April 18, 2019.  Ms. Joyner made payments on March 7, 2019, March 20, 2019, and April 18, 2019 in order to restore her service.

32.     T-Mobile issued a receipt for the payment on March 7, 2019, which was sent to Ms. Joyner.  Attached as Exhibit G is a true and correct copy of the March 7, 2019 receipt. T-Mobile issued a receipt for the payment on March 20, 2019, which was sent to Ms. Joyner.  Attached as Exhibit H is a true and correct copy of the March 20, 2019 receipt. T-Mobile issued a receipt for the payment on April 18, 2019, which was sent to Ms. Joyner.  Attached as Exhibit I is a true and correct copy of the April 18, 2019 receipt.

33.     Each of the March 7, 2019, March 20, 2019, and April 18, 2019 receipts sent to Ms. Joyner references T-Mobile's Terms and Conditions, the arbitration requirement, and the ability to opt out.  Each receipt explicitly and conspicuously states:

> If you activate or use T-Mobile service, or purchase a T-Mobile device, you agree to T-Mobile's Terms and Conditions and any terms specific to your rate plan.
>
> If you have a device or accessory under one of our device programs, refer to your agreement for the specific terms and conditions of that program.
>
> **Disputes**. T-Mobile REQUIRES ARBITRATION OF DISPUTES unless for new customers YOU OPT OUT WITHIN 30 DAYS OF ACTIVATION, or for existing customers YOU PREVIOUSLY OPTED OUT PURSUANT TO T-MOBILE'S TERMS AND CONDITIONS.  For details see T-Mobile's Terms and Conditions at www.T-Mobile.com/terms-conditions.

Exhibit G, Exhibit H, and Exhibit I (emphases in original).

9

34. T-Mobile's records reflect that Ms. Joyner acknowledged her agreement to T-Mobile's Terms and Conditions, including the Arbitration requirement and Class Action Waiver, on numerous occasions throughout the life of her account.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2019, in Bernalillo County, New Mexico.

_____
Christopher Muzio